# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH WAYNE SEKERKE, CDCR #V-15331,<br><br>                              Plaintiff,<br><br>vs.<br><br>MARY ANN GLYNN; NGUYEN; L.D. ZAMORA; JODIE RIVERA,<br><br>                              Defendants. | Civil No.   11cv1914 WQH (BLM)<br><br>**ORDER:**<br><br>**(1) GRANTING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS,* IMPOSING NO PARTIAL FILING FEE AND GARNISHING $ 350 BALANCE FROM PRISONER'S TRUST ACCOUNT PURSUANT TO 28 U.S.C. § 1915(a); and**<br><br>**(2) DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b)** |

Keith Wayne Sekerke ("Plaintiff"), a state prisoner currently incarcerated at the California Correctional Institution located in Calipatria, California, and proceeding in pro se, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983.   In addition, Plaintiff has filed a Motion to Proceed *In Forma Pauperis* ("IFP") [ECF No. 2]. Plaintiff claims that his constitutional rights were violated when he was housed at the Richard J. Donovan Correctional Facility ("Donovan") in 2010.  (*See* Compl. at 3.)

/ / /

# I.

## MOTION TO PROCEED IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, prisoners granted leave to proceed IFP remain obligated to pay the entire fee in installments, regardless of whether their action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act ("PLRA"), a prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the six-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005).

The Court finds that Plaintiff has no available funds from which to pay filing fees at this time. *See* 28 U.S.C. § 1915(b)(4). Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP [ECF No. 2] and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1). However, the entire $350 balance of the filing fees mandated shall be collected and forwarded to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

# II.

## SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

The PLRA also obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these provisions of the PLRA, the Court must sua sponte dismiss complaints, or any portions thereof,

which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

### A.     42 U.S.C. § 1983 Liability

Section 1983 imposes two essential proof requirements upon a claimant: (1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States. *See* 42 U.S.C. § 1983.

### B.     Eighth Amendment Inadequate Medical Care Claims[1]

Plaintiff claims that he was assaulted by prison officials when he was previously housed at an unnamed institution in 2004. (*See* Compl. at 3.) As a result, Plaintiff claims that "several of [his] teeth were broken," as well as his jaw. (*Id.*) While it is not entirely clear, it appears that Plaintiff was released from prison but returned to prison on November 15, 2010. (*Id.*) At that time, while housed at Donovan, Plaintiff claims that he sought treatment for his teeth but prison officials refused. (*Id.*) Plaintiff alleges prison officials told him that he was only going to be housed at Donovan for a short time and he would have to seek treatment following his transfer. (*Id.*)

In order to assert a claim for inadequate dental care, Plaintiff must allege facts which are sufficient to show that each person sued was "deliberately indifferent to his serious medical needs." *Helling v. McKinney*, 509 U.S. 25, 32 (1993); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Hunt v. Dental Dept.*, 865 F.2d 198, 200 (9th Cir. 1989). To be liable, prison officials must purposefully ignore or fail to respond to Plaintiff's pain or medical needs. *Estelle*, 429 U.S. at 105-06.

Thus, to state a claim, Plaintiff must allege facts sufficient to show both: (1) an objectively "serious" medical need, i.e., one that a reasonable doctor would think worthy of

---

[1] Plaintiff also brings the same allegations as a Fourteenth Amendment due process claim. However, where a particular provision of the Constitution "'provides an explicit source of constitutional protection' against a particular sort of government behavior," that provision must be the guide for analyzing Plaintiff's claims. *Patel v. Penman*, 103 F.3d 868, 874 (9th Cir. 1996) (quoting *Albright v. Oliver*, 510 U.S. 266, 273-74 (1994)). Accordingly, the Court will analyze Plaintiff's claims relating to inadequate dental care as arising under the Eighth Amendment.

comment, one which significantly affects his daily activities, or one which is chronic and accompanied by substantial pain, *see Doty v. County of Lassen*, 37 F.3d 540, 546 (9th Cir. 1994); and (2) a subjective, and "sufficiently culpable" state of mind on the part of each individual Defendant. *See Wilson v. Seiter*, 501 U.S. 294, 302 (1991).

First, it is far from clear whether Plaintiff suffers from a serious dental need. Plaintiff seeks to have his "teeth fixed" but fails to offer any specific factual details regarding his dental condition. Thus, there are simply no facts to construe a claim of deliberate indifference by the named Defendants to Plaintiff's alleged serious dental needs. Plaintiff claims that he was housed at Donovan for a period of approximately six (6) months and during that time prison officials allegedly refused to "fix his teeth." (Compl. at 3.) Plaintiff claims that he was told that he would receive dental treatment after he was transferred from the reception center at Donovan. (*Id.*) Plaintiff is now housed at the California Correctional Institution. (*Id.* at 1.) If Plaintiff is attempting to allege that there was a delay in treatment, there are no facts in the Complaint from which the Court can determine whether he has suffered any injury as a result of the Defendants alleged delay in providing treatment. *See Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985) (a prisoner can make "no claim for deliberate medical indifference unless the denial was harmful.")

### C. Equal Protection

Plaintiff also alleges that he has been discriminated against in violation of his Equal Protection rights under the Fourteenth Amendment. (*See* Compl. at 6.) The "Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Center, Inc.* 473 U.S. 432, 439 (1985). In order to state a claim under § 1983 alleging violations of the equal protection clause of the Fourteenth Amendment, Plaintiff must allege facts which demonstrate that he is a member of a protected class. *See Harris v. McRae*, 448 U.S. 297, 323 (1980) (indigents); *see also City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 440-41 (1985) (listing suspect classes). In this matter, Plaintiff has neither sufficiently plead that he is a

member of a suspect class nor has he plead adequate facts to demonstrate that Defendants acted with an intent or purpose to discriminate against him based upon his membership in a protected class. *See Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998), *cert. denied*, 525 U.S. 1154 (1999).

Thus, the Court finds that Plaintiff's allegations are insufficient to prove invidious discriminatory intent. *Village of Arlington Heights v. Metropolitan Housing Development Corp.*, 429 U.S. 252, 265 (1977). Plaintiff's Fourteenth Amendment equal protection claims are dismissed for failing to state a claim upon which § 1983 relief can be granted.

Accordingly, the Court finds that Plaintiff's Complaint fails to state a section 1983 claim upon which relief may be granted , and is therefore subject to dismissal pursuant to 28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b). The Court will provide Plaintiff with an opportunity to amend his pleading to cure the defects set forth above. Plaintiff is warned that if his amended complaint fails to address the deficiencies of pleading noted above, it may be dismissed with prejudice and without leave to amend.

### III.

#### CONCLUSION AND ORDER

Good cause appearing therefor, **IT IS HEREBY ORDERED** that:

1.  Plaintiff's Motion to proceed IFP pursuant to 28 U.S.C. § 1915(a) [ECF No. 2] is **GRANTED**.

2.  The Secretary of California Department of Corrections and Rehabilitation, or his designee, shall collect from Plaintiff's prison trust account the $350 balance of the filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty percent (20%) of the preceding month's income and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3.  The Clerk of the Court is directed to serve a copy of this Order on Matthew Cate, Secretary, California Department of Corrections and Rehabilitation, 1515 S Street, Suite 502,

1  Sacramento, California 95814.

2  **IT IS FURTHER ORDERED** that:

3  4.  Plaintiff's Complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A(b).  However, Plaintiff is **GRANTED** forty five (45) days leave from the date this Order is "Filed" in which to file a First Amended Complaint which cures all the deficiencies of pleading noted above.  Plaintiff's Amended Complaint must be complete in itself without reference to the superseded pleading.  *See* S.D. Cal. Civ. L. R. 15.1.  Defendants not named and all claims not re-alleged in the Amended Complaint will be deemed to have been waived.  *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987)

10  5.  The Clerk of Court is directed to mail a form § 1983 complaint to Plaintiff.

11  **IT IS SO ORDERED.**

DATED:  November 10, 2011

_William Q. Hayes_
**WILLIAM Q. HAYES**
United States District Judge