# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH WAYNE SEKERKE, CDCR #V-15331,<br><br>　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>MARY ANN GLYNN; NGUYEN; L.D. ZAMORA; JODIE RIVERA; P. DUONG,<br><br>　　　　　　　　　　Defendants. | Civil No.　　11cv1914 WQH (BLM)<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b)** |

## I.
### PROCEDURAL HISTORY

On August 19, 2011, Keith Wayne Sekerke ("Plaintiff"), a state prisoner currently incarcerated at the California Correctional Institution located in Tehachapi, California, and proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1). Plaintiff filed a Motion to Proceed *In Forma Pauperis* ("IFP") (ECF No. 2), which was granted by the Court on November 10, 2011 (ECF No. 3). On December 2, 2011, Plaintiff filed a First Amended Complaint. (ECF No. 4).

## II.

## ALLEGATIONS OF THE COMPLAINT

Plaintiff was assaulted by prison officials while he was previously housed at Donovan in 2004. (ECF No. 4 at 3). As a result of the assault, several of Plaintiff's teeth were broken as well as his jaw. (*Id.*) Since 2005, Plaintiff has "been in the process of getting [his teeth] restored." (*Id.*) Plaintiff was released from custody on February 22, 2010, and re-incarcerated at Donovan on October 5, 2010. (*Id.*) Plaintiff alleges that on November 15, 2010, he "began the process again at R. J. Donovan to get said defendants to restore [his] broken teeth, repair [his] disfigurement, [and] prevent further significant pain... [and] bleeding gums during eating." (*Id.*) Plaintiff asserts that his constitutional rights were violated when Defendant prison officials denied him access to adequate dental treatment for his injuries from the alleged 2004 assault.

## III.

## SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

The Prison Litigation Reform Act ("PLRA") obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these provisions of the PLRA, the Court must sua sponte dismiss complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. Where the running of the statute of limitations is apparent on the face of the complaint, dismissal for failure to state a claim is proper. *See Cervantes v. City of San Diego*, 5 F.3d 1273, 1276 (9th Cir. 1993).

Because section 1983 contains no specific statute of limitation, federal courts apply the forum state's statute of limitations for personal injury actions. *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004); *Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004); *Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1999). Effective January 1, 2003, California's statute of limitations

for personal injury claims is two years. *Jones*, 393 F.3d at 927 (citing CAL. CIV. PROC. CODE § 335.1). Unlike the length of the limitations period, however, "the accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007); *Hardin v. Staub*, 490 U.S. 536, 543-44 (1989) (federal law governs when a § 1983 cause of action accrues). "Under the traditional rule of accrual ... the tort cause of action accrues, and the statute of limitation begins to run, when the wrongful act or omission results in damages." *Wallace*, 549 U.S. at 391; *see also Maldonado*, 370 F.3d at 955 ("Under federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." ).

Here, Plaintiff is seeking to hold Defendants liable for alleged failure to provide dental treatment for an injury that allegedly occurred in 2004. Plaintiff's § 1983 claim accrued in 2004. Plaintiff would know or have reason to know that his constitutional rights were violated at that time. *Id.*; *see also Maldonado*, 370 F.3d at 955. However, Plaintiff did not file his Complaint in this case until 2011, which exceeds California's two year statute of limitations. *See* CAL. CODE CIV. PROC. § 335.1; *Jones*, 393 F.3d at 927.

Generally, federal courts also apply the forum state's law regarding equitable tolling. *Fink*, 192 F.3d at 914; *Bacon v. City of Los Angeles*, 843 F.2d 372, 374 (9th Cir. 1988). California Code of Civil Procedure § 352.1 provides for tolling of the statute of limitations for a maximum of two years during a prisoner's incarceration. CAL. CODE CIV. P. § 352.1; *See Fink*, 192 F.3d at 916 (finding that CAL. CODE CIV. P. § 352.1 tolls a California prisoner's personal injury claims accruing before January 1, 1995 for two years, or until January 1, 1995, whichever occurs later, unless application of the statute would result in a "manifest injustice."). It appears that Plaintiff has been incarcerated for a majority of the time since 2004, so he would likely be entitled to an additional two years of statutory tolling. Plaintiff's claims against Defendants, accruing in 2004, would thus be tolled for two years and then California's two-year statute of limitations would begin to run, requiring Plaintiff to file this action no later than 2008. However, Plaintiff did not file his Complaint in this case until 2011, which exceeds both California's two-year incarceration tolling period and two-year statute of limitations.

Under California law, a plaintiff must meet three conditions to equitably toll a statute of limitations: (1) he must have diligently pursued his claim; (2) his situation must be the product of forces beyond his control; and (3) the defendants must not be prejudiced by the application of equitable tolling. *See Hull v. Central Pathology Serv. Med. Clinic*, 28 Cal. App. 4th 1328, 1335 (Cal. Ct. App. 1994); *Addison v. State of California*, 21 Cal.3d 313, 316-17 (Cal. 1978); *Fink*, 192 F.3d at 916. Plaintiff has failed to plead any facts which, if proved, would support any further equitable tolling of his claims. *See Cervantes,* 5 F.3d at 1277. Plaintiff does not allege any facts to suggest that California's two-year statute of limitations might be tolled for a period of time which would make his claims timely. Thus, Plaintiff's claims against Defendants must be dismissed pursuant to 28 U.S.C. § 1915(e)(2) because it appears from the face of the pleading that Plaintiff's claims are time-barred. *Cervantes*, 5 F.3d at 1277.

The Court finds that Plaintiff's First Amended Complaint fails to state a section 1983 claim upon which relief may be granted. The Amended Complaint is therefore subject to dismissal pursuant to 28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b). The Court will provide Plaintiff with an opportunity to amend his pleading to cure the defects set forth above. Plaintiff is warned that if his amended complaint fails to address the deficiencies of pleading noted above, it may be dismissed with prejudice and without leave to amend.

## III.

### CONCLUSION AND ORDER

Good cause appearing therefore, **IT IS HEREBY ORDERED** that:

Plaintiff's First Amended Complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A(b). However, Plaintiff is **GRANTED** forty five (45) days leave from the date this Order in which to file a Second Amended Complaint which cures all the deficiencies of pleading noted above. Plaintiff's Amended Complaint must be complete in itself without reference to the superseded pleading. *See* S.D. Cal. Civ. L. R. 15.1. Defendants not named and all claims not re-alleged in the Amended Complaint will be deemed to have been waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987)

1       The Clerk of Court is directed to mail a form § 1983 complaint to Plaintiff.

2     **IT IS SO ORDERED.**

3 DATED: February 1, 2012

4                                       *William Q. Hayes*

5                               **WILLIAM Q. HAYES**
                              United States District Judge