FILED

2013 MAR 20 PM 1:45

BY ___

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH WAYNE SEKERKE, CDCR #V-15331, <br><br> Plaintiff, <br><br> vs. <br><br> MARY ANN GLYNN; NGUYEN; L.D. ZAMORA; JODIE RIVERA; P. DUONG; PEREDA; B. ANTIOGUIA; TAMORIA; MARKIEWITZ; DUSTIN TIERNEY; SCOTT WALL; ROBERT MAZON; MICHAEL HAGEMAN, <br><br> Defendants. | Civil No. 11cv1914 WQH (BLM) <br><br> **ORDER DISMISSING THIRD AMENDED COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b)** |

On August 19, 2011, Keith Wayne Sekerke ("Plaintiff"), a state prisoner currently incarcerated at the California Correctional Institution located in Tehachapi, California, and proceeding in pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. In addition, Plaintiff filed a Motion to Proceed *In Forma Pauperis* ("IFP") [ECF No. 2].

///

The Court granted Plaintiff's Motion to Proceed IFP and sua sponte dismissed his Complaint for failing to state a claim upon which relief could be granted. *See* Nov. 10, 2011 Order at 5-6. Plaintiff was granted leave to file a First Amended Complaint in order to correct the deficiencies of pleading identified in the Court's Order. *Id.* On February 1, 2012, the Court, once again, dismissed Plaintiff's First Amended Complaint for failing to state a claim. *See* Feb. 1, 2012 Order at 5. Plaintiff was again given leave to file a Second Amended Complaint. Plaintiff sought an extension of time to file his Second Amended Complaint which was granted by the Court. *See* Feb. 16, 2012 Order at 1. Plaintiff was given until May 21, 2012 to file his Second Amended Complaint.

On March 20, 2012, Plaintiff filed his Second Amended Complaint ("SAC"). However, Plaintiff also filed a Motion for Leave to File a Supplemental Complaint [ECF No. 10] on the grounds that he did not receive the Court's previous Order granting him an extension of time. As a result, Plaintiff claims that he would have used more time to conduct further legal research relating to his claims. Plaintiff requested that the Court "stay the filing of the Second Amended Complaint" in order that he may supplement it with additional research.

The Court declined to "stay" the proceedings and instead dismissed Plaintiff's Second Amended Complaint. Plaintiff was permitted additional time to file a Third Amended Complaint that is complete in itself and abides by the Court's previous Orders. *See* Apr. 12, 2012 Order at 3. After receiving additional extensions of time, Plaintiff has now filed his Third Amended Complaint ("TAC"). (ECF No. 17.)

I.

**SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)**

The Prison Litigation Reform Act ("PLRA") obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these provisions of the PLRA, the Court must sua sponte dismiss complaints, or any

portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

### A. 42 U.S.C. § 1983 Liability

Section 1983 imposes two essential proof requirements upon a claimant: (1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States. *See* 42 U.S.C. § 1983.

### B. Eighth Amendment excessive force claims

In his Third Amended Complaint, Plaintiff alleges that he was subjected to excessive force, while incarcerated at the Richard J. Donovan Correctional Facility ("RJD"), on December 11, 2004 by Defendants Tierney, Wall, Mazon and Hageman. (*See* TAC at 5.) Plaintiff did not file this action until August 19, 2011.

Where the running of the statute of limitations is apparent on the face of the complaint, dismissal for failure to state a claim is proper. *See Cervantes v. City of San Diego*, 5 F.3d 1273, 1276 (9th Cir. 1993). Because section 1983 contains no specific statute of limitation, federal courts apply the forum state's statute of limitations for personal injury actions. *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004); *Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004); *Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1999). The applicable statute of limitations in a *Bivens* action is also the state personal injury statute. *See Matthews v. Macanas*, 990 F.2d 467, 468-69 (9th Cir. 1993) (citing *Van Strum v. Lawn*, 940 F.2d 406, 410 (9th Cir. 1991) ("Actions under § 1983 and those under *Bivens* are identical save for the replacement of a state actor under § 1983 by a federal actor under *Bivens*.")). Before 2003, California's statute of limitations was one year. *Jones*, 393 F.3d at 927. Effective January 1, 2003, the limitations period was extended to two years. *Id.* (citing CAL. CIV. PROC. CODE § 335.1). The two-years limitations period, however, does not apply retroactively. *Canatella v. Van de Kamp*, 486 F.3d 1128, 1132-22 (9th Cir. 2007) (citing *Maldonado*, 370 F.3d at 955).

Unlike the length of the limitations period, however, "the accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law." *Wallace v.*

*Kato*, 549 U.S. 384, 388 (2007); *Hardin v. Staub*, 490 U.S. 536, 543-44 (1989) (federal law governs when a § 1983 cause of action accrues). "Under the traditional rule of accrual ... the tort cause of action accrues, and the statute of limitation begins to run, when the wrongful act or omission results in damages." *Wallace*, 549 U.S. at 391; *see also Maldonado*, 370 F.3d at 955 ("Under federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." ).

Here, Plaintiff seeks to hold Defendants liable for excessive force which was alleged to have occurred in 2004. (*See* TAC at 5.) Thus, Plaintiff would have reason to believe that his constitutional rights were violated seven years prior to the date he filed this action. *Id.*; *see also Maldonado*, 370 F.3d at 955. However, Plaintiff did not file his Complaint in this case until August 19, 2011, which well exceeds California's statute of limitation. *See* CAL. CODE CIV. PROC. § 335.1; *Jones*, 393 F.3d at 927. Plaintiff does not allege sufficient facts to show how or why California's two-year statute of limitations might be tolled for a period of time which would make his claims timely. *See, e.g.*, CAL. CODE CIV. P. § 352.1 (tolling statute of limitations "for a maximum of 2 years" during a prisoner's incarceration); *Fink v. Shedler*, 192 F.3d 911, 916 (9th Cir. 1999) (finding that CAL. CODE CIV. P. § 352.1 tolls a California prisoner's personal injury claims accruing before January 1, 1995 for two years, or until January 1, 1995, whichever occurs later, unless application of the statute would result in a "manifest injustice.").

Pursuant to *Fink*, Plaintiff's claims against Defendants, accruing in 2004, would be tolled for two years. California's two-year statute of limitations would then begin to run -- requiring Plaintiff to file this action against these Defendants no later than 2008. Generally, federal courts also apply the forum state's law regarding equitable tolling. *Fink*, 192 F.3d at 914; *Bacon v. City of Los Angeles*, 843 F.2d 372, 374 (9th Cir. 1988). Under California law, however, a plaintiff must meet three conditions to equitably toll a statute of limitations: (1) he must have diligently pursued his claim; (2) his situation must be the product of forces beyond his control; and (3) the defendants must not be prejudiced by the application of equitable tolling. *See Hull v. Central Pathology Serv. Med. Clinic*, 28 Cal. App. 4th 1328, 1335 (Cal. Ct. App. 1994); *Addison v. State of California*, 21 Cal.3d 313, 316-17 (Cal. 1978); *Fink*, 192 F.3d at 916. Here, however,

Plaintiff has failed to plead sufficient facts which, if proved, would support the equitable tolling of his claims. *See Cervantes v. City of San Diego*, 5 F.3d 1273, 1277 (9th Cir. 1993).

Plaintiff suggests that he delayed in filing this claim because Defendants threatened him if he filed an action against them while he was housed at RJD where the Defendants were employed. (*See* TAC at 5-6.) However, the Court takes judicial notice that, at the very least beginning in 2009, Plaintiff was housed in prison separate from the Defendants in this matter. A court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)). The Court takes judicial notice that Plaintiff was housed at the California Correctional Institution on April 24, 2009. *See Sekerke v. Hernandez, et al.*, 09cv0360 JAH (JMA). Thus, Plaintiff's arguments that he felt threatened by Defendants because they were employed at the institution where he was housed is not supported by the record. The record demonstrates that at least as of 2009, he was no longer housed with Defendants and yet he still waited an additional two years to file this action. Plaintiff was also not incarcerated for several months in 2010 but he fails to inform the Court why he did not attempt to pursue this action prior to August of 2011. (*See* TAC at 7.)

In addition, Plaintiff argues that because his administrative grievances, which he attaches as exhibits to his Third Amended Complaint, were accepted for filing despite the fact that they were untimely would allow him to file this untimely action. However, the administrative grievances attached to Plaintiff's Third Amended Complaint relate only to his medical and dental care claims. There are no administrative grievances attached to Plaintiff's Third Amended Complaint which include any claims of excessive force in 2004.

Thus, the Court finds that Plaintiff has failed to plead facts to support equitable tolling of his Eighth Amendment excessive force claims and therefore, these claims are dismissed as barred by the statute of limitations.

///

///

### C. Eighth Amendment dental care claims

Plaintiff again alleges that prison officials denied him adequate dental care when they extracted two teeth following the incident that occurred in December of 2004. (*See* TAC at 6.) Plaintiff claims that he was told that he would be "fitted for an upper denture" and the front teeth would be "capped/repaired." (*Id.*) While Plaintiff's front teeth were given caps, Plaintiff claims that they should have repaired his teeth rather than opting to extract them. (*Id.*)

In order to assert a claim for inadequate dental care, Plaintiff must allege facts which are sufficient to show that each person sued was "deliberately indifferent to his serious medical needs." *Helling v. McKinney*, 509 U.S. 25, 32 (1993); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Hunt v. Dental Dept.*, 865 F.2d 198, 200 (9th Cir. 1989). To be liable, prison officials must purposefully ignore or fail to respond to Plaintiff's pain or medical needs. *Estelle*, 429 U.S. at 105-06.

Thus, to state a claim, Plaintiff must allege facts sufficient to show both: (1) an objectively "serious" medical need, i.e., one that a reasonable doctor would think worthy of comment, one which significantly affects his daily activities, or one which is chronic and accompanied by substantial pain, *see Doty v. County of Lassen*, 37 F.3d 540, 546 (9th Cir. 1994); and (2) a subjective, and "sufficiently culpable" state of mind on the part of each individual Defendant. *See Wilson v. Seiter*, 501 U.S. 294, 302 (1991). In general, deliberate indifference may be shown when prison officials deny, delay, or intentionally interfere with a prescribed course of medical treatment, or it may be shown by the way in which prison medical officials provide necessary care. *Hutchinson v. United States*, 838 F.2d 390, 393-94 (9th Cir. 1988).

Here, Plaintiff attaches several exhibits to his Third Amended Complaint that appear to be medical records relating to the tooth extraction. (*See* TAC, Ex. C, Operative Report dated December 24, 2004). In this report, it states that while the doctors initially thought his teeth could be treated by a "restorative dentist," they later came to the medical conclusion that it "was not restorable" and the tooth needed to be extracted. (*Id.*) Here, Plaintiff alleges facts which simply show he disagreed with the course of treatment provided by the Defendants. However, a mere difference of opinion between an inmate and prison medical personnel regarding

appropriate medical diagnosis and treatment are not enough to establish a deliberate indifference claim. *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).

Accordingly, Plaintiff's Eighth Amendment inadequate dental care claims are **DISMISSED** for failing to state a claim upon which relief may be granted.

## II.
### CONCLUSION AND ORDER

Good cause appearing therefor, **IT IS HEREBY ORDERED** that:

1) Plaintiff's Third Amended Complaint [ECF No. 17] is **DISMISSED** without prejudice for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(b). In addition, the Court finds further amendment would be futile. *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996) (denial of a leave to amend is not an abuse of discretion where further amendment would be futile); *see also Robinson v. California Bd. of Prison Terms*, 997 F. Supp. 1303, 1308 (C.D. Cal. 1998) ("Since plaintiff has not, and cannot, state a claim containing an arguable basis in law, this action should be dismissed without leave to amend; any amendment would be futile.") (citing *Newland v. Dalton*, 81 F.3d 904, 907 (9th Cir. 1996)).

2) **IT IS FURTHER CERTIFIED** that an IFP appeal from this final order of dismissal would not appear to be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous).

The Clerk shall close the file.

**IT IS SO ORDERED.**

DATED: 3/20/13

HON. WILLIAM Q. HAYES
United States District Judge